UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN A. PERRI,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN OF FCI FORT DIX,<br><br>    Respondent. | Civil Action No. 20-13711 (RBK)<br><br>**MEMORANDUM OPINION<br>& ORDER** |

    Before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In an earlier Order, the Court had terminated this matter as Petitioner did not pay the filing fee or submit an application to proceed *in forma pauperis*. The Court has since received the filing fee. In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, this Court has screened the Petition for dismissal and determined that dismissal without an expedited answer and the record is not warranted.

    Additionally, Petitioner had sought to seal his entire Petition, and the Court temporarily sealed the Petition and supporting documents. The Court ordered Petitioner to specifically identify what information he would like to seal, and which documents he would like to seal. If he insisted on sealing the entire Petition and all of the exhibits, he had to explain why he could not submit a redacted copy of his Petition and exhibits.

    In response to that Order, Petitioner clarified that he only wishes to seal his medical records. (ECF No. 3, at 2). The Court has considered Petitioner's motion to seal under Local Civil Rule 5.3,[1] and concludes that the sealing of Petitioner's medical records, found at ECF No. 1-1, is

---

[1] Local Civil Rule 5.3 governs motions to seal, which provides in relevant part that the motion must describe with particularity: "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and

appropriate. Petitioner's medical records shall remain sealed, and the Court shall unseal the remainder of the Petition.

Accordingly, IT IS on this __3rd__ day of December 2020,

**ORDERED** that Petitioner's request to seal is GRANTED; and it is further

**ORDERED** that Petitioner's medical records, ECF No. 1-1, shall remain SEALED; and it is further

**ORDERED** that the remainder of the Petition shall be UNSEALED; and it is further

**ORDERED** that the Clerk shall serve a copy of the Petition, (ECF No. 1), and this Order upon Respondent by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk shall forward a copy of the Petition, (ECF No. 1), and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that within ten (10) days of the date of the entry of this Order, Respondent shall file and serve an expedited answer or motion, which responds to the Petition and which includes all affirmative defenses Respondent seeks to invoke; and it is further

**ORDERED** that Respondent shall file and serve with the expedited answer or motion, certified copies of all documents necessary to resolve Petitioner's claim(s) and affirmative defenses; and it is further

**ORDERED** that within ten (10) days of receipt of the expedited answer or motion, Petitioner may file a reply to Respondent's submission; and it is further

---

serious injury that would result if the relief sought is not granted; [and] (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(3).

**ORDERED** that within seven (7) days of Petitioner's release, be it parole or otherwise, Respondent shall electronically file a written notice of the same with the Clerk; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

 s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge